**Robert Stempler,** Cal. Bar No. 160229
Email: Robert@StopCollectionHarassment.com
CONSUMER LAW OFFICE OF ROBERT STEMPLER, APC
P.O. Box 7145
Oxnard, CA 93031-7145
Telephone: (818) 457-3031
Fax: (818) 975-5281

**Robert S. Sola** (admitted *pro hac vice*)
Email: rssola@msn.com
ROBERT S. SOLA, PC
8835 SW Canyon Lane, Suite 130
Portland, OR 97225
Telephone: (503) 295-6880
Fax: (503) 291-9172
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADELA GIESSEN and GARY GIESSEN, <br><br> Plaintiffs, <br><br> vs. <br><br> EXPERIAN INFORMATION SOLUTIONS, INC., TRANS UNION LLC, EQUIFAX INFORMATION SERVICES, LLC, and WELLS FARGO BANK, N.A., <br><br> Defendants. | Case No. SACV 14-00085 JVS (DFMx) <br><br> PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES OPPOSING DEFENDANT WELLS FARGO BANK, N.A.'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT UNDER FRCP 12(b)(6) <br><br> Time: 1:30 p.m. <br> Date: May 19, 2014 <br> Place: Courtroom 10C (Santa Ana) <br> Judicial Ofcr: Judge James V. Selna |

1

## I. INTRODUCTION

Plaintiffs bring this action against Experian Information Solutions, Inc. ("Experian"), Trans Union LLC ("Trans Union") and Equifax Information Services, LLC ("Equifax") for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"), and against Wells Fargo for violations of the FCRA and the California Consumer Credit Reporting Agencies Act, California Civil Code § 1785.25 *et seq.* ("CCCRAA").

Wells Fargo has filed a Motion to Dismiss every claim that Plaintiffs Adela and Gary Giessen ("Plaintiffs") assert against Wells Fargo in the first Amended Complaint ("FAC"). Wells Fargo's Motion is both unnecessary and without merit. Plaintiffs ask that it be denied.

## II. BACKGROUND

Wells Fargo is the only defendant to file any motions at the pleadings stage. On February 28, 2014, counsel for Plaintiffs, Robert Sola, and counsel for Wells Fargo, Steven Dailey, had a conference of counsel pursuant to L.R. 7-3 regarding Wells Fargo's intent to file its Motion to Dismiss Plaintiffs' Complaint and Motion to Strike portions of Plaintiffs' Complaint. (Sola Decl. ¶ 2). Mr. Dailey mentioned five reasons for the motion to dismiss. First, he said that there was no private right of action against a company for reporting false information. Mr. Sola responded that Plaintiffs' claims were for violation of section 1681s-2(b) of the FCRA, for which there is a private right of action. Mr. Dailey then said that Plaintiffs had not alleged that Wells Fargo received notice from the credit reporting agencies of Plaintiffs disputes. Mr. Sola responded that Plaintiffs had alleged such notice to Wells Fargo in paragraph 17 of the Complaint. (Sola Decl. ¶ 3).

Mr. Dailey stated that some claims under the CCCRAA are preempted. Mr. Sola responded that section 1785.25(a) was not preempted and that was the section that Plaintiffs were bringing their claim under. (Sola Decl. ¶ 4).

Mr. Dailey stated that for the punitive damages claims, Plaintiffs needed to allege malice. Mr. Sola stated that malice was not necessary for punitive damages under the FCRA and that this issue had been decided in the *Safeco* case. (Sola Decl. ¶ 5).

Finally, Mr. Dailey said that the claim for attorney fees was deficient because there was no basis alleged.  Mr. Sola stated that Plaintiffs would amend the Complaint to specify the basis for the claims for the attorney fees. (Sola Decl. ¶ 6).  Mr. Sola requested that Wells Fargo postpone filing a motion until after Plaintiffs filed their amended complaint.  Wells Fargo would not agree. (Sola Decl. ¶ 7).

On March 11, 2014, Wells Fargo filed its Motion to Dismiss Plaintiffs' Complaint and Motion to Strike Portions of Plaintiffs' Complaint (Docket Nos. 13, 14). On the same day, Plaintiffs filed their first Amended Complaint ("FAC") (Docket No. 16).

In the FAC, Plaintiffs included allegations addressing each item discussed by counsel when they conferred on the motion.  Plaintiffs added allegations to paragraphs 17, 19, 23, 35 and 39 to make it clear that Plaintiffs were alleging claims under section 1681s-2(b). Plaintiffs added a reference to subsection "(a)" in the claims under CCCRAA Section 1785.25 so it was clear that Plaintiffs' claims were not preempted.  Plaintiffs added allegations stating that Wells Fargo acted with "oppression, fraud or malice" for the punitive damages claims under the CCCRAA.  Finally, Plaintiffs added allegations specifying the statutory provisions supporting the requests for attorney fees.

On March 26, 2014, counsel for Plaintiffs and Wells Fargo had a conference of counsel pursuant to L.R. 7-3.

Wells Fargo filed another Motion to Dismiss and Motion to Strike on March 28, 2014, that was almost identical to its motions against the original Complaint. (Docket Nos. 23, 24)

On April 8, 2014, Plaintiffs' counsel emailed Wells Fargo's counsel requesting that Wells Fargo withdraw its motions because the FAC addressed the concerns raised by Wells Fargo in its original motions.  Wells Fargo refused to withdraw its motions. (Sola Decl. ¶ 8).

**III.    STATEMENT OF FACTS**

Plaintiffs modified their home loan account ("account") with Wells Fargo in January 2010. (FAC ¶ 12).  Plaintiffs learned that their account was reporting inaccurately as late on their credit reports from Experian, Equifax and Trans Union ("CRAs"). (FAC ¶ 13). Plaintiffs notified Wells Fargo their account was reporting inaccurately. *Id.* Wells Fargo sent

3

multiple letters to Plaintiffs stating that it notified the Defendant CRAs to remove the reporting of the account as late. *Id.* Yet, the account continued to be reported as late. *Id.*

Plaintiffs notified the Defendant CRAs that they disputed the reporting of the account as late. (FAC ¶ 17). The Defendant CRAs notified Wells Fargo of Plaintiffs' disputes. *Id.* Wells Fargo did not conduct a reasonable investigation of Plaintiffs' disputes, in violation of the FCRA, 15 U.S.C. § 1681s-2(b). *Id.* Wells Fargo knew the reporting of the account on Plaintiffs' credit reports was inaccurate. (FAC ¶ 17).

## IV. LEGAL STANDARD

Motions to dismiss under Rule 12(b)(6) are "viewed with disfavor and rarely granted." *Lormand v. US Unwired, Inc.,* 565 F.3d 228, 232 (5th Cir., 2009). "[A] complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor,* 503 F.3d 397, 401 (5th Cir.2007), quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 1964–65, 167 L.Ed.2d 929 (2007).

## V. PLAINTIFFS ALLEGE SUFFICIENT FACTS FOR CLAIMS UNDER THE FCRA IN THE FIRST, SECOND, FIFTH AND SIXTH CLAIMS FOR RELIEF

### A. Plaintiffs Bring Claims Under FCRA, § 1681s-2(b), Not § 1681s-2(a).

Wells Fargo's first argument is that there is no private right of action under the FCRA against a credit furnisher for supplying false information. Memorandum of Points and Authorities ("MPA") p. 4. Wells Fargo then lists authorities stating that a consumer cannot bring an action for violations of the duty set forth in § 1681s-2(a).

This argument is irrelevant because Plaintiffs are not bringing their claims under § 1681s-2(a). They are bringing their claims under § 1681s-2(b) just as Plaintiffs' counsel advised Wells Fargo's counsel in their first conference regarding the motion, and as set forth specifically in the FAC. The Ninth Circuit has held there is a private right of action for violations of 15 U.S.C. § 1681s-2(b). *Nelson v. Chase Manhattan Mortgage Corp.,* 282 F.3d 1057, 1060 (9th Cir. 2002).

1    In paragraph 17 of the FAC, Plaintiffs allege that after Plaintiffs notified Experian, Trans Union and Equifax that the reporting of the account was inaccurate, "Experian, Trans Union and Equifax notified Wells Fargo of Plaintiffs' disputes. Wells Fargo knew the reporting on Plaintiffs' account was inaccurate. In response to the notice of disputes that Wells Fargo received from Experian, Trans Union and Equifax, Wells Fargo did not conduct a reasonable investigation of the disputes or otherwise comply with the requirements in 15 U.S.C. § 1681s-2(b)." (FAC ¶ 17).

In addition, in each of the claims for relief under the FCRA Plaintiffs specifically allege that Wells Fargo failed to comply "with the FCRA, 15 U.S.C. § 1681s-2(b)." (FAC ¶¶ 19, 23, 35, 39).

Because Plaintiffs' FCRA claims are based on Wells Fargo's failure to comply with § 1681s-2(b), Wells Fargo's arguments concerning § 1681s-2(a) have no bearing on this action.

### B. Plaintiffs Specifically Allege that Wells Fargo was Notified of Plaintiffs' Disputes by the Defendant CRAs.

Wells Fargo concedes that Plaintiffs may bring a claim under FCRA, § 1681s-2(b) and correctly state that such a claim arises after Wells Fargo is notified of a dispute from a credit reporting agency. However, Wells Fargo then argues that Plaintiffs have not alleged such notice. In fact, Wells Fargo goes so far as to state "In this case, Plaintiffs here have not pleaded any facts that WELLS FARGO was notified by a credit reporting agency of any dispute of the allegedly inaccurately reported information. Plaintiffs merely allege in conclusory language that 'Wells Fargo knew the reporting on Plaintiffs account was inaccurate.' [FAC para. 17]." (MPA p. 6).

Wells Fargo's argument is completely false. Plaintiffs have specifically alleged that Wells Fargo was notified by the CRAs of Plaintiffs' disputes. In paragraph 17, Plaintiffs allege, "Experian, Trans Union and Equifax notified Wells Fargo of Plaintiffs' disputes." Wells Fargo conveniently fails to mention this allegation which undermines its entire argument. It is hard to believe that Wells Fargo did not see this allegation because this it is

5

contained in the sentence preceding the sentence that Wells Fargo quotes from paragraph 17 ("Wells Fargo knew the reporting on Plaintiffs' account was inaccurate").

Plaintiffs have alleged that Wells Fargo received notice of Plaintiffs' disputes from all three CRAs. Therefore, Wells Fargo's Motion based on its false assertion that Plaintiffs did not allege such notice should be denied.

Wells Fargo may attempt to argue that Plaintiffs have not alleged the notice from the CRAs with sufficient specificity. Plaintiffs allegations are sufficient to state a claim under § 1681s-2(b). That provision sets forth the duties that furnishers must fulfill "[a]fter receiving notice pursuant to section 611(a)(2) [§ 1681i] of a dispute." § 1681s-2(b)(1). The reference to § 1681i refers to the notice from a consumer reporting agency to a furnisher. Thus, Wells Fargo's duties under § 1681s-2(b) arise "after receiving notice of a dispute" from a CRA. Plaintiffs have alleged such notice. They need not allege more.

Moreover, Plaintiffs have alleged all that they can regarding the notice. The notice sent by the consumer reporting agency to the furnisher is not provided to a consumer. Plaintiffs cannot allege specifically what was contained in the notice to Wells Fargo because they have not seen it.

**C. Plaintiffs Allege with Specificity the Unlawful Conduct by Wells Fargo**

Wells Fargo argues that Plaintiffs have not alleged the relevant terms of § 1681s-2(b) and have not pled sufficient facts to show Wells Fargo acted unlawfully under the FCRA. (MPA p. 7). This is incorrect

As discussed above, Wells Fargo's duties under § 1681s-2(b) arise "after receiving notice… of a dispute" from a CRA. § 1681s-2(b). Plaintiffs have alleged such notice. (FAC ¶ 17). After a furnisher, such as Wells Fargo, receives this notice, it must: conduct an investigation of the disputed information; review all relevant information provided to it by the consumer reporting agency; report the results of the investigation to the consumer reporting agency; report the results to all other consumer reporting agencies it furnishes information to, if it finds the information is incomplete or inaccurate; and modify, delete, or

6

permanently block the information if it is inaccurate, incomplete or cannot be verified.  15 U.S.C. § 1681s-2(b)(1).

Plaintiffs have alleged Wells Fargo's failure to comply with these duties.  In fact, Wells Fargo quotes Plaintiffs' allegation from paragraph 17 that Wells Fargo "did not conduct a reasonable investigation of the disputes."  Because this is one of Well Fargo's duties under § 1681s-2(b), this allegation alone is sufficient to state a claim under § 1681s-2(b).  Plaintiffs only need to allege and prove that Wells Fargo failed to comply with any one of the various duties under § 1681s-2(b) to prevail on their claim.

In addition to failing to conduct a reasonable investigation, Plaintiffs allege that Wells Fargo did not otherwise comply with the requirements in 15 U.S.C. § 1681s-2(b). (FAC ¶ 17).  These are additional facts sufficient to plead a violation of § 1681s-2(b).

Wells Fargo argues that Plaintiffs do not plead facts to show that Wells Fargo willfully violated the FCRA.  Wells Fargo again ignores the facts in Plaintiffs' FAC and controlling case law.

"Willful" means that the defendant acted knowingly or in *reckless disregard* of a consumer's rights under the FCRA. *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 68-69, 127 S. Ct. 2201, 167 L. Ed. 2d 1045 (2007) (emphasis added).  "Reckless disregard" means an action entailing "an unjustifiably high risk of harm that is either known or so obvious that it should be known." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. at 69, 127 S. Ct. at 2215.

Plaintiffs allege that Wells Fargo knew the reporting of Plaintiffs' account was inaccurate.  (FAC ¶ 17).  Wells Fargo, by its own admission, knows Plaintiffs' account is reporting inaccurately to Experian, Trans Union and Equifax because it sends Plaintiffs letters on three separate occasions stating it notified Experian, Equifax and Trans Union to remove the reporting of the account as late. (FAC ¶ 13).  But when Wells Fargo is notified by Experian, Trans Union and Equifax of Plaintiffs' disputes, Wells Fargo does not conduct a reasonable investigation or correct the false reporting.  As a result, the false information continues to be reported.  (FAC ¶¶ 13, 17).  These facts are sufficient to show that Wells Fargo acted in reckless disregard of the FCRA.

Wells Fargo's contention that Plaintiffs have not sufficiently pled unlawful conduct by Wells Fargo under the FCRA is without merit.

### D. Plaintiffs Sufficiently Plead Injury under the FCRA.

Plaintiffs plead sufficient facts to allege injury caused by Wells Fargo for its violations of the FCRA. The FCRA provides that a consumer can recover "actual damages." 15 U.S.C. § 1681n(a)(1)(A) and § 1681o(a)(1). The Ninth Circuit has held that actual damages can include recovery for emotional distress and humiliation. *Guimond v. Trans Union,* 45 F.3d 1329, 1333 (9th Cir. 1995). A consumer does not need to have a credit denial to prove damages under the FCRA. *Id.* Yet, Plaintiff also alleges such damages.

> As a result of Wells Fargo's failure to comply with the requirements of the FCRA, Plaintiff has suffered, and continues to suffer, actual damages, including economic loss, denial of credit, lost opportunity to receive credit, damage to reputation, invasion of privacy, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the jury. (FAC ¶¶ 20, 24, 36, 40).

Plaintiffs allege they suffered emotional distress, denial of credit and other types of actual damages. (FAC ¶¶ 20, 24, 36, 40). Under *Guimond,* Plaintiffs have adequately alleged actual damages under the FCRA.

## VI. PLAINTIFFS' ALLEGE SUFFICIENT FACTS FOR THEIR THIRD, FOURTH, SEVENTH AND EIGHTH CLAIMS UNDER THE CCCRAA.

Similar to the arguments Wells Fargo made to dismiss the FCRA claims, Wells Fargo again fails to mention allegations in the FAC that undermine its motions.

### A. Plaintiffs Sufficiently Allege that Wells Fargo Violated California Civil Code § 1785.25(a).

Wells Fargo argues that Plaintiffs do not allege any statutory language that Wells Fargo violated under the CCCRAA. This is not true. California Civil Code § 1785.25(a) states" "A person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is

incomplete or inaccurate." Plaintiff plainly state a claim for violation of that statutory duty by alleging "Wells Fargo failed to comply with the requirements of California Civil Code § 1785.25(a) by furnishing information on the account to a consumer credit reporting agency that it knew or should have known was incomplete or inaccurate, including that Plaintiffs were late on the account." (FAC ¶¶ 27, 43).

In addition, Plaintiffs state a claim for willful violation of Cal. Civil Code § 1785.25(a) by alleging that Wells Fargo "acted with oppression, fraud or malice." (FAC ¶¶ 31, 47).

Wells Fargo cites *Quinlan* where the court stated that the complaint was silent as to the details of the information reported to the CRAs. In contrast, Plaintiffs expressly allege that the account was being reported late by Wells Fargo. (FAC ¶ 13).

Wells Fargo cites *Palestini v. Homecoming Financial, LLC* 2010 U.S. Dist. LEXIS 72985 (S.D. Cal., August 23, 2010) to argue that Plaintiffs' pleading is insufficient. (MPA p. 9). But Wells Fargo misapplies the facts of *Palestini* to Plaintiffs' facts.

The *Palestini* plaintiffs alleged because they were not notified by defendant of a default on their loan, and that they disputed the improper fees to defendant, the defendant violated California Civil Code § 1785.25(a). *Palestini v. Homecoming Financial, LLC* 2010 U.S. Dist. LEXIS 72985 * 35 (S.D. Cal. July 20, 2010; amended August 23, 2010). But the court notes that the *Palestini* plaintiffs "appear to concede that they do not know what [Homecoming Financial] reported to the credit reporting agencies." *Id.* at *36. The court found that the *Palestini* plaintiffs' claim was based on "pure speculation." *Id.* However, the court granted plaintiffs leave to amend their CCCRAA claim. *Id.* at *37.

Contrary to *Palestini,* Plaintiffs' CCCRAA claim is not based on pure speculation. Here, Plaintiffs know and allege what Wells Fargo reported inaccurately to Experian, Trans Union and Equifax – that Plaintiffs were late on their account. (FAC ¶ 13). Moreover, Wells Fargo knew that Plaintiffs were not late and that the account was not supposed to be reporting as late.

Plaintiffs have adequately alleged a claim under the CCCRAA.

9

**B. California Civil Code § 1785.25(a) is not Preempted by the FCRA.**

Wells Fargo argues that certain sections of the CCCRAA are preempted by the FCRA. (MPA p. 10). While true, Wells Fargo argument is irrelevant because Plaintiffs claims are based on violations of Cal. Civ. Code § 1785.25(a), which is not preempted.

The FCRA specifically exempts California Civil Code § 1785.25(a) from preemption. 15 U.S.C. § 1681t(b)(1)(F)(ii); *See also Gorman v. Wolpoff & Abramson, LLP,* 584 F. 3d, 1147, 1168 (9th Cir. 2009) (holding that § 1785.25(a) is not preempted by the FCRA).

Wells Fargo asserts that Plaintiffs fail to allege which section of the CCCRAA Wells Fargo violated. Not so. If Wells Fargo read Plaintiffs' FAC, it would see that Plaintiffs state in eight different paragraphs that Wells Fargo violated California Civil Code § 1785.25(a). (FAC ¶¶ 27, 28, 31, 32, 43, 44, 47, 48).

**C. Plaintiffs have Alleged Actual Damages Resulting from Wells Fargo's Violations of the California Civil Code § 1785.25(a).**

Plaintiffs plead sufficient facts to allege injury caused by Wells Fargo for its violations of the CCCRAA. The CCCRAA provides that a consumer can recover for actual damages, including "pain and suffering." Cal. Civ. Code § 1785.31(a)(1). Pain and suffering would include emotional distress. Plaintiffs allege they suffered emotional distress, denial of credit and various other actual damages. (FAC ¶¶ 28, 32, 44, 48). Wells Fargo has not cited any authority holding that such damages are not recoverable under the CCCRAA.

**VI. CONCLUSION**

Plaintiffs specifically amended their Complaint to include allegations addressing the concerns Wells Fargo expressed in the first conference of counsel. For the reasons stated above, none of Wells Fargo's arguments have merit. The FAC is more than adequate to state claims under the FCRA and the CCCRAA. Plaintiffs respectfully request that the Motion to Dismiss be denied.

Dated April 28, 2014     /s/ Robert Stempler
                         By: Robert Stempler,
                         CONSUMER LAW OFFICE OF ROBERT STEMPLER, APC,
                         Co-Counsel for Plaintiffs